IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CASE NO. 1:06-cr-66-MEF |
| | ) |
| WILLIAM CURTIS CHILDREE | ) |

### RESPONSE TO COURT'S ORDER OF OCTOBER 2, 2006

On October 2, 2006, the Court entered an order directing undersigned counsel to report on the status of his application for security clearance and "to show cause why he should not be subject to a finding that he is in contempt of the Court's prior orders[]" if counsel "had not submitted his application for security clearance for this case as of September 29, 2006[.]" What follows is counsel's response to that order.

1.   Undersigned counsel has not submitted his application for security clearance in this case, either as of September 29, 2006, or as of the date of the filing of this response to the Court's order of October 2, 2006. Nevertheless, counsel should not be subject to a finding of contempt.

2.   As the Court will likely recall, undersigned counsel was informed in October of 2004 that he was a subject of a criminal investigation being conducted arising out of allegations made in connection with his representation of the accused in *United States v. Carmichael*, a case then pending in the Middle District.[1] Once counsel was informed that he was a subject of a federal criminal investigation he retained counsel and withdrew from representing the defendant in *U.S. v. Carmichael.*

3.   The investigation with respect to undersigned counsel remained open and active until the lawyers for undersigned counsel notified him that the investigation had been concluded and the decision made not to seek and indictment. That news was received near the end of July, 2006.

4.   Not long after counsel received the news that the investigation into the allegations surrounding his representation of the defendant in *Carmichael* he was offered the position of Executive Director of the Federal Defender Program for the Middle District of Georgia, Inc., a private, not for profit corporation which would be beginning a federal defender program for that

---

[1] The Office of the United States Attorney for this district recused itself and the investigation was conducted by an Assistant United States Attorney from an office located outside the state of Alabama, supervising the work of local agents.

district, similar to the program which provides representation for those accused of federal criminal offenses who are unable to afford private counsel.[2] Counsel needed to visit Macon, Georgia with his wife and discuss certain issues related to the position before a decision could be made about acceptance. These tasks were completed and counsel accepted the position in late August, just prior to Labor Day.

5.  Undersigned counsel was advised by his counsel that, given the then pending investigation into allegations arising in *Carmichael,* counsel should refrain from submitting the security clearance application since a pending investigation would result in a denial of the clearance. Counsel advised waiting until the matter was concluded to determine whether there would be any problem with seeking the security clearance.

6.  By the time the news came that there would be no further action with respect to undersigned counsel in the investigation, counsel was informed of the offer of the Executive Director's position. That created the possibility that as a condition of counsel's future employment he might have to withdraw from representation in current cases.

7.  If undersigned counsel were going to be unable to continue in his representation in the present case he did not want to be subjected to (nor have others subjected to the associated interviews) the rigors of the security on the grounds of counsel's interest in privacy. Counsel sought clarification from his Board of Directors with respect to the cases which will not be concluded by the time counsel begins, expected to be around the beginning of 2007.

8.  On October 4, 2006, counsel spoke with the Chair of the Board of Directors of the Middle District of Georgia program and was told that the few remaining cases that would be unresolved when undersigned counsel begins his work for that private, non-profit corporation would be able to be worked on by working evenings and weekends, when not working for the program, and take unpaid leave for those times when work on any of the unresolved cases was necessary during program hours. Now that this clarification has been received, counsel is prepared to move forward with submission of the security clearance application.

9.  Counsel is unaware of any prior order of the Court directing that undersigned counsel submit the security clearance application by any specific date, or, for that matter any order specifically directing that counsel submit the application. Counsel does recall an informal discussion held off the record with the Court at the conclusion of another matter, the appeal of the release order entered in *United States v. Hester*. At that time, August 11, 2006, counsel shared with the Court the news of the conclusion of the investigation. The Court encouraged undersigned counsel to submit the application for the security clearance, however it was neither presented to counsel as a formal order, nor entered as such.

10.  A contempt finding is not appropriate in this case. In order for a finding of contempt to be made for violating an order of a court, there must first be an order entered that is clear and

---

[2] The offer of the Executive Director position by the Board of Directors of the Federal Defender Program for the Middle District of Georgia, Inc. Was dated August 4, 2006.

specific which leaves no doubt or uncertainty as to what is addressed. *In re Brown*, 454 F.2d 999 (D.C. Cir. 1971); *Thompson v. Johnson*, 410 F. Supp. 633 (E.D.Pa.), *aff'd*, 556 F.2d 568 (3d Cir. 1977); *U.S. v. Burstyn*, 878 F.2d 1322 (11th Cir. 1989) (certainty a necessary element for contempt finding); *Fonar Corp. V. Deccaid Services, Inc.*, 983 F.2d 427 (2d Cir. 1993); *Downey v. Clauder*, 30 F.3d 681 (6th Cir. 1994). While there had been informal discussions about counsel submitting the security clearance application, as noted above, counsel is unaware of any order directing that he do so. If such an order has been entered by the Court, counsel not abiding by its terms was not an intentional act done in any way to be disrespectful to the Court. Rather, not yet submitting the application is the product of the factors specifically detailed above.

11.    Counsel believes that using his best efforts, he can have the application fully completed, and fingerprinting performed by the United States Marshal Service so that the application will be ready for mailing by October 20, 2006. Counsel respectfully requests that he be granted until that date to complete the tasks. Given that the most recent status report submitted by the government states that there are approximately 27,000 pages material to review for classification and discoverability and that the process will take three months, counsel's security clearance should be in place in order to be ready when the classified information procedures will be ready to be begun.

Respectfully submitted,

s/Stephen R. Glassroth
STEPHEN R. GLASSROTH
Counsel for William Curtis Childree
AL Bar Code: GLA005
The Glassroth Law Firm, P.C.
Post Office Box 910
Montgomery, Alabama 36101-0910
Phone (334) 263-9900
Fax (334) 263-9940
E-mail srg@glassrothlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

s/Stephen R. Glassroth
STEPHEN R. GLASSROTH
The Glassroth Law Firm, P.C.
Post Office Box 910
Montgomery, Alabama 36101-0910
Phone (334) 263-9900
Fax (334) 263-9940
E-mail srg@glassrothlaw.com
