IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) CASE NO. 1:06-cr-66-MEF |
| | ) |
| | ) |
| JEFFREY HOWARD STAYTON AND | ) |
| WILLIAM CURTIS CHILDREE | ) |

**<u>ORDER</u>**

On March 1, 2006, a Grand Jury indicted Defendants Stayton and Childree. On March 15, 2006, Joseph Van Heest appeared as counsel for Defendant Stayton. On that same date, Stephen R. Glassroth appeared as counsel for Defendant Childree.

It has been crystal clear since at least April of 2006 that this case involves classified information and that all participants in proceedings relating to this case other than the undersigned would be required to apply for security clearance. Indeed, as early as May 3, 2006, the undersigned's staff submitted their applications for security clearance. On July 17, 2006, the undersigned conducted a face-to-face status conference with the Government and counsel for both Defendants. A large part of this conference was dedicated to a discussion of how to keep the classified information in this case from unduly delaying the trial setting. A representative of the Government indicated concern that not everyone involved in the case had, at that time, submitted applications for security clearances. Mr. Van Heest correctly represented that he had already submitted his application. Mr. Glassroth represented that his application had been submitted as well. This was not a truthful representation. Since the July 17, 2006 status conference, this Court has repeatedly urged Mr. Glassroth to submit his application for security clearance for this case. At each instance,

Mr. Glassroth has proffered a variety of excuses, not all of which were consistent with his prior representations to the Court on this matter. The Court finds that Mr. Glassroth's conduct in this matter has shown contempt for this Court and its authority, as well as an utter lack of regard for the best interest of his client in this case. While this Court has not previously entered a formal written order specifically directing that Mr. Glassroth complete and submit the security clearance application by a date certain, it is simply not possible that Mr. Glassroth could have had any misunderstanding that he was to make his application as soon as humanly possible. Mr. Glassroth is hereby cautioned that the Court will not continue to tolerate conduct of the type he has exhibited in this case to date.

It is hereby ORDERED that on or before **October 11, 2006**, Mr. Glassroth shall complete the requisite forms for obtaining a security clearance in this case **and** submit the forms to the appropriate Government authority via Federal Express or another overnight courier service. This is a firm deadline which will not be extended. If Mr. Glassroth fails to comply with this Order, he will be sanctioned. If Mr. Glassroth is not able to comply with this deadline, he should advise his client to obtain new counsel and withdraw his appearance in this case by **October 11, 2006.** It is further ORDERED that on or before midnight on **October 11, 2006**, Mr. Glassroth shall file with this Court a signed certification regarding his compliance with this Order.

DONE this the 6th day of October, 2006.

    /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE