IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs.  ) | CR. NO. 1:06cr66-WSD |
| ) | |
| JEFFREY HOWARD STAYTON, ) | |
| WILLIAM CURTIS CHILDREE ) | |

**DEFENDANT STAYTON'S RESPONSE TO GOVERNMENT'S
MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM
PRESENTING A PUBLIC AUTHORITY DEFENSE**

COME NOW, defendants Jeffrey Howard Stayton and William Curtis Childree, by and through undersigned counsel, and hereby file their response to the Government's Motion in Limine to Preclude Defendants from Presenting a Public Authority Defense. Defendants maintain that their defense is not a public authority defense, as defined in the Eleventh Circuit, but more of a negation of intent defense which is not an affirmative defense. To the extent that this defense constitutes a public authority defense within the scope of Fed. R. Crim. P. 12.3, Mr. Stayton and Mr. Childree maintain that their pleadings identified as docket numbers 93 & 94, filed under seal, adequately cover the Notice Requirements of a Public Authority Defense. In support of this motion, Mr. Stayton and Mr. Childree state as follows:

The indictment in this case alleges two counts of honest services wire fraud (claiming that Mr. Stayton's actions toward Mr. Childree were not performed free from deceit, favoritism, bias, self-enrichment, self-dealing and concealment), two counts of bribery (one against Mr. Stayton for soliciting and receiving a bribe and one against Mr. Childree for making a payment to a third-party

for Mr. Stayton's benefit)[1], and one count of obstruction of justice against Mr. Stayton for testifying to the grand jury that the payment from Mr. Childree to Mr. Stayton's mortgage company was a loan rather than a gift.[2]

The honest services wire fraud counts allege as a purpose of the scheme that Mr. Stayton used his official position to influence the award and payment to obtain a financial benefit from Mr. Childree as described in page 2, paragraph 8, of the Indictment. Counts one and two further allege that Mr. Stayton took actions that favored Maverick Aviation's (Childree's) selection as the Contract recipient, misled government officials about the progress of Maverick's performance under the Contract, and falsely certified that the contract had been completed triggering premature payment to Maverick under the Contract. The indictment further alleges that Mr. Childree paid Mr. Stayton two weeks after Childree's company (Maverick) received a payment authorized by Mr. Stayton under the contract. Finally, the indictment alleges that Mr. Stayton and Mr. Childree took steps to conceal the true nature and purpose of the payment.

What is expected to be contested at trial is the allegation that Mr. Stayton took steps without authorization or approval from superiors that favored Maverick Aviation's selection as the Contract

---

[1] Counts Three and Four charge violations of the bribery statute. Count Three alleges Mr. Stayton corruptly solicited and received a payment on his behalf and in return provided favorable treatment to Mr. Childree and his company in the award and supervision of the government contract. Count Four alleges that Mr. Childree corruptly made a payment to a third party for Mr. Stayton's benefit in return for favorable treatment by Mr. Stayton in the award and supervision of the government contract to Mr. Childree's company, Maverick Aviation. Whether the facts and circumstances constitute a public authority defense to counts, or a negation of intent for these counts the same analysis would apply as applied to counts one and two of the indictment.

[2] Count Five does not seem to implicate a public authority defense. Rather, the question here is likely to center on whether Mr. Stayton corruptly attempted to deceive the grand jury when he testified that the payment from Mr. Childree to Mr. Stayton's mortgage company to satisfy a second mortgage on Mr. Stayton's primary residence was a loan rather than a gift.

recipient, or that he misled government officials about the progress of Maverick's performance under the contract. (As described in counts three and four, this would also include allegations that Mr. Stayton provided favorable treatment to Mr. Chidlree and Maverick Aviation in the award and supervision of the government contract). There will be a necessity to refute these allegations which will require testimony and evidence as described in Defendants' Amended CIPA § 5 Notice of Intent To Disclose Classified Information, (dkt # 93), and the Defendants' Response to Government Motion in Limine to Exclude References To or Evidence of [Certain Sensitive or Classified Topics] (dkt # 94). However, the defendants maintain that such refutation of facts does not constitute a public authority defense. Rather, Mr. Stayton and Mr. Childree believe that the government will be unable to prove (because it is untrue) that there was any connection whatsoever between Maverick's being awarded the contract, and Mr. Childree loaning money to Mr. Stayton to pay off a second mortgage on his primary residence, and that, therefore, the no criminal intent exists to establish guilt on any of the counts against either Mr. Stayton or Mr. Childree.

Mr. Stayton and Mr. Childree do not believe either defendant's actions and or defense constitutes a public authority defense, as described in Rule 12.3, Fed. R. Crim. P. That Rule requires notice in general if a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense. *See* Fed. R. Crim. P. 12.3(a)(1). Some courts have recognized the public authority defense to include both actual public authority and apparent public authority. The Eleventh Circuit has not. The Eleventh Circuit has recognized a public authority defense only where the defendant is acting with the actual authority of a law enforcement or federal intelligence agency. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1358 n. 18 (11th Cir. 1994) (noting that apparent

authority of a government official is not a defense in this circuit because it is deemed a mistake of law which generally does not excuse criminal conduct); *see also United States v. Rosenthal*, 793 F.2d 1214, 1236, *modified on other grounds*, 801 F.2d 378 (11th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987).

While, as Mr. Stayton and Mr. Childree note above, it may be necessary to identify and subpoena certain persons as identified and described in dkt # 93 & 94 to establish that Mr. Stayton was working on behalf of a "law enforcement agency or federal intelligence agency" covered by Rule 12.3, Mr. Stayton's actions in connection with the award and execution of the contract and its mission, do not appear to invoke a public authority defense. *See e.g. United States v. Giffen*, 473 F.3d 30, 39 (2d Cir. 2006) (an actual public authority defense exists where a defendant has in fact been authorized by the government to engage in what would otherwise be illegal activity.) This is because those actions do not constitute criminal conduct, and therefore, a public authority defense would seem to be inapplicable. Rather, the conduct attributed to Mr. Stayton regarding the selection and supervision of the contract only become criminal if there is a corrupt and/or criminal intent to benefit Mr. Childree and Maverick Aviation.

In the instant case, the defense is more likely described as a negation of intent which is not an affirmative defense but rather an attempt to rebut the government's proof of the intent element of a crime by showing that the defendants had a good faith belief that they were acting with government authorization. This defense is recognized in the Eleventh Circuit. *See United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995); *United States v. Juan*, 776 F.2d 256, 258 (11th Cir. 1985); *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1368, n. 18 (11th Cir. 1994).

The defense in this case is not that a law enforcement agency or federal intelligence agency

authorized or approved the January 4, 2002 loan wherein Mr. Childree paid off a second mortgage on Mr. Stayton's primary residence, with an understanding that Mr. Childree's loan would be paid back by Mr. Stayton at the time he sells his home, and therefore, the defendants do not believe that a public authority defense must be raised at this time.

However, the government has alleged, without providing any detail, that Mr. Stayton took actions to steer the government contract alleged in the indictment toward Mr. Childree, and then further alleges (in portions of its Motion in Limine – dkt # 88) that Mr. Stayton covered up logistical failures before, during, and after the mission to procure, modify, and deliver the helicopters referenced in the contract. The defendants deny both any criminal intent and that such actions were taken. To the extent that the explanations provided in the Defendants' Amended CIPA § 5 Notice of Intent To Disclose Classified Information, (dkt # 93), and the Defendants' Response to Government Motion in Limine to Exclude References To or Evidence of [Certain Sensitive or Classified Topics] (dkt # 94) do in fact constitute a public authority defense, Mr. Stayton and Mr. Childree believe the information provided, including identifying certain individuals by name and agency, comports with the requirements of Rule 12.3(a)(2)(A),(B) &(C), Fed. R. Crim. P.

Should the Court deem that, based upon the circumstances described above, and in dkt # 93 & 94, the defense in fact constitutes a public authority defense and that the defense pleadings are insufficient to establish comport with the requirements of Rule 12.3, the defense will supplement the information provided in dkt # 93 & 94 to the extent the Court requires.

WHEREFORE, for the reasons set forth above, Mr. Stayton and Mr. Childree do not believe that the information provided necessarily constitutes a public authority defense, but if the Court deems otherwise, the information provided in the sealed pleadings identified as dkt # 93 & 94 should

5

satisfy the requirements of Fed. R. Crim. P. 12.3.

                                          Respectfully submitted,

                                          s/Joseph P. Van Heest
                                          JOSEPH P. VAN HEEST
                                          Counsel for Jeffrey Howard Stayton
                                          AL Bar Code: VAN026
                                          Law Office of Joseph P. Van Heest, LLC
                                          Post Office Box 4026
                                          402 South Decatur Street
                                          Montgomery, AL 36103-4026
                                          (334) 263-3551
                                          (334) 263-3227 (fax)
                                          jpvanheestcourts@bellsouth.net

                                          s/Stephen R. Glassroth
                                          STEPHEN R. GLASSROTH
                                          Counsel for William Curtis Childree
                                          AL Bar Code: GLA005
                                          Post Office Box 996
                                          Macon, Georgia 31202-0996
                                          (478) 743-4747
                                          (478) 743-4749 (fax)
                                          steve.glassroth@gmail.com

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certify that on October 11, 2007, the foregoing document was electronically filed the with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

                        s/Joseph P. Van Heest
                        **JOSEPH P. VAN HEEST**
                        Counsel for Jeffrey Howard Stayton
                        AL Bar Code: VAN026
                        Law Office of Joseph P. Van Heest, LLC
                        Post Office Box 4026
                        402 South Decatur Street
                        Montgomery, AL 36103-4026
                        (334) 263-3551
                        (334) 263-3227 (fax)
                        jpvanheestcourts@bellsouth.net


                        s/Stephen R. Glassroth
                        **STEPHEN R. GLASSROTH**
                        Counsel for William Curtis Childree
                        AL Bar Code: GLA005
                        Post Office Box 996
                        Macon, Georgia 31202-0996
                        (478) 743-4747
                        (478) 743-4749 (fax)
                        steve.glassroth@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CR. NO. 1:06cr66-WSD |
| | ) | |
| JEFFREY HOWARD STAYTON, | ) | |
| WILLIAM CURTIS CHILDREE | ) | |

**ORDER**

This matter coming before the Court on the government's Motion in Limine to Preclude Defendants from Presenting a Public Authority Defense, good cause having been shown,

IT IS HEREBY ORDERED that the government's motion in limine is DENIED. The facts and circumstances appear to lend themselves to a "public authority" defense as to Counts One through Four. The Court further finds that the Defendants' filing in its Amended Notice of Intent to Disclose Classified Information, (dkt # 93) and the Defendants' Response to the Government's Motion in Limine to Exclude References to or Evidence of [Certain Sensitive and Classified Topics] (dkt # 94) satisfy this Court that the requirements set forth in Rule 12.3, Fed. R. Crim. P., have been met and that the defendants should be permitted to present a Public Authority Defense to counts one through four.

IT IS HEREBY ORDERED that, to the extent that the facts and circumstances referenced above do not constitute a "public authority" defense as recognized by the Eleventh Circuit, the defendants are still permitted to provide evidence and testimony that negate criminal intent, showing a lack of culpability based upon following the orders and direction of one or more representatives of the United States government, and the government's motion in limine is DENIED.

It is so ORDERED, this _____ day of October, 2007.


_____
WILLIAM S. DUFFEY
UNITED STATES DISTRICT JUDGE