IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | DOCKET NO. 1:06-CR-66-WSD |
| JEFFREY HOWARD STAYTON and | : | |
| | : | |
| WILLIAM CURTIS CHILDREE, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' AMENDED CIPA § 5
NOTICE OF INTENTION TO DISCLOSE CLASSIFIED INFORMATION**

Plaintiff, United States of America, by and through its counsel, respectfully responds to defendants' Amended Notice of Intention to Disclose Classified Information filed pursuant to Section 5(a) of the Classified Information Procedures Act, 18 U.S.C. App. 3 (1994) ("CIPA"), and, in support thereof, represents the following:

1.      Even as amended, portions of defendants' Section 5 notice lack the specificity necessary for the United States to identify the classified information that defendants expect to disclose at trial. United States v. Collins, 720 F.3d 1195, 1199 (11th Cir. 1983) ("The Section 5(a) notice requires that the defendant state, with particularity, which items of classified information entrusted to him he reasonably expects will be revealed by his defense in this particular case.").

2.      In particular, defendants' amended notice at paragraph 16 fails to provide the government with any meaningful description of the specific classified documents that defendants

intend to use at trial.  Defendants state, as they did in their previous notice, that "[s]ome of the individuals identified in paragraphs 3 through 15 possess information, generated documents, viewed documents, and/or directed the creation of the document describing" one or more of seven different subject areas.  (p. 9)  But they fail to provide any title, description, or even a Bates number to identify specifically the classified document(s) they intend to use—a point which defendants themselves concede when they state that they "ha[ve] not identified specific documents but merely described documents in this paragraph."  (p. 11)

3. Defendants attempt to excuse this defect by suggesting that they are somehow unable to provide additional specificity because the government has failed to provide them with particular documents to which they are entitled.  Defendants' argument is without merit.

4. First, the government did provide in its February 27, 2007 discovery production redacted copies of facsimile cover sheets (and their attachments) between Jeffrey Stayton and certain classified government witnesses that were provided by Stayton to the government in connection with his grand jury response.[1]  See, e.g., Government's Rule 16 Discovery Production of 2/27/07, at Bates numbers 012386-88; 012411; 12411A-012411B; 012843; 012843A; 012843B; 012844; 012858; 012858A; 012858B; 012859; 013039; 013039A; 013040; 013040A; 013041; 013041A; 013041B; 013042; 013042A; 013042B; 013043; 013043A; and 16998-017039.  It is unclear how defendants in their review of this discovery production over the past

---

[1]  Because the facsimile cover sheets have been redacted to the unclassified level, they would not, strictly speaking, properly form the subject of a Section 5 filing.  However, to the extent that defendants now seek to use the unredacted, classified versions of those documents, the time to challenge the use at trial of the redacted versions has long since passed.  See Order of Judge Duffey, 7/20/07, at 1 (requiring defendants to "submit, on or before **July 27, 2007**, their ex parte submission setting forth why the Court should reconsider the redactions of classified information materials produced in discovery" (emphasis in original)).

eight months could have overlooked all of these materials.

5.  Second, even if defendants were correct that the government had failed to provide them with the facsimile cover sheets they seek, that point, without more, would in no way excuse their failure to identify other specific documents that pertain to the seven subject areas identified in paragraph 16 of their amended notice. Defendants make much of the fact that they intend to elicit information concerning a variety of areas from individuals who "generated documents, viewed documents, and/or directed the creation of documents" (p. 9), but fail to provide any indication of which classified documents, besides the aforementioned facsimile cover sheets and attachments (which, again, are not classified), they intend to use.[2]

6.  Finally, in an apparent afterthought, defendants argue that "[n]o specific documents have been identified herein because the defense has not been provided with such material despite the fact that such documentation is exculpatory in nature and thus required to be produced to the defense" pursuant to the government's Brady obligations. (p. 11) They provide no description of the allegedly exculpatory materials that the government has failed to disclose,

---

[2]  To the extent that defendants intend to use any classified documents in their case-in-chief that were not provided by the government, they must provide not only notice in their Section 5 filing, but also copies of such documents to the government in conformity with their reciprocal discovery obligations. Fed. R. Crim. P. 16(b)(1)(A). To date, defendants have complied with neither requirement.

The government also notes that the CIPA Section 5 notice requirements apply equally to any classified materials in the possession of one or both defendants which they might use in cross-examination of government witnesses. 18 U.S.C. App. 3, § 5 (requiring defendants to notice "the disclosure of classified information *in any manner* in connection with *any trial or pretrial proceeding*. . ." (emphasis added)). Defendants may not hold onto such materials for strategic reasons and reveal them only during cross-examination of government witnesses at trial. Rather, they must provide the government with sufficient notice of their intended use of such materials to allow the government an opportunity to respond thereto, pursuant to CIPA.

nor even how these unidentified materials are exculpatory. They fail to do so, because they cannot. The government takes its Brady obligations seriously and long ago disclosed to defendants all arguably exculpatory materials. Any suggestion to the contrary is utterly baseless.

7. Defendants have had two opportunities to provide a notice that comports with the plain language of Section 5 of CIPA and the Court's Order of October 1, 2007. Their continued failure to provide an adequate notice necessitates an adjustment of this Court's previously-set CIPA briefing schedule, as the parties cannot comply with their Section 6 obligations until defendants have filed a sufficient Section 5 notice setting forth the entire universe of classified testimonial and documentary evidence that they intend to adduce at trial.[3] Should the defendants in a third notice again fail to provide the requisite specificity and further delay CIPA briefing in this case, this Court should consider any of a number of sanctions up to and including exclusion

---

[3] Notwithstanding defendants' failure in this regard, the government believes that it can, with the cooperation of defendants, complete its pre-trial CIPA obligations and maintain the November 26 trial date. The Government's Response to Defendants' Motion for Additional Time To Make Further CIPA Section 5 Filing, filed earlier today, outlines a proposed CIPA briefing schedule that would permit the parties to keep the current trial date.

from trial of any late-proffered classified documents, absent a showing of extraordinary circumstances for such late notification.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section<br><br>BY:  s/ Shaun M. Palmer<br>     Shaun M. Palmer<br>     Matthew L. Stennes<br>     Trial Attorneys<br>     Criminal Division, Public Integrity Section<br>     10th Street & Constitution Avenue, NW<br>     Washington, DC 20530<br>     Phone: (202) 514-1412<br>     Fax: (202) 514-3003<br>     Email: shaun.palmer@usdoj.gov | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterespionage Section<br>10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify on this 24th day of October 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen R. Glassroth, Esq.
William A. Bootle U.S. Courthouse
475 Mulberry Street
PO Box 996
Macon, GA 31202-0996
(478) 743-4747

Joseph P. Van Heest, Esq.
Law Office of Joseph P. Van Heest, LLC
402 South Decatur Street
Montgomery, AL  36104
(334) 263-3551.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section<br><br>BY:   s/Shaun M. Palmer<br>        Shaun M. Palmer<br>        Trial Attorney<br>        Criminal Division<br>        Public Integrity Section<br>        10th Street & Constitution Avenue, NW<br>        Washington, DC 20530<br>        Phone: (202) 514-1412<br>        Fax: (202) 514-3003<br>        Email: shaun.palmer@usdoj.gov | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterespionage Section<br>10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |