IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | DOCKET NO. 1:06-CR-66-WSD |
| | : | |
| JEFFREY HOWARD STAYTON and | : | |
| WILLIAM CURTIS CHILDREE, | : | |
| Defendants. | : | |

## GOVERNMENT'S CERTIFICATION PURSUANT TO COURT'S ORDER OF OCTOBER 26, 2007

The United States of America, by and through undersigned counsel, respectfully certifies the following, pursuant to footnote 3 of the Court's Order of October 26, 2007:

The government hereby makes a good faith representation that is has reviewed all documents in its possession, including the facsimile cover sheets and attachments identified by defendants, and certifies that it has not knowingly withheld any document constituting material discoverable under Brady, Rule 16, or any other federal law.[1]  Of course, should the government become aware of any such discoverable material, it will immediately produce such material to the defendants, as required.  For instance, the government has recently identified some handwritten notes that may have been generated by one or more of its testifying witnesses and is producing those materials immediately, consistent with an expansive interpretation of the Jencks Act.

---

[1] The only arguably discoverable material withheld from defendants in this case is the particular classified information which was redacted from certain documents consistent with the Court's Order issued pursuant to Section 4 of the Classified Information Procedures Act (CIPA).

On a related topic, defense counsel has recently asserted that the report of analysis of the "handwritten thank you note," which describes the results as inconclusive, constitutes Brady material. In a letter dated October 16, 2007, counsel for Defendant Stayton stated:

> We believe that the failure to reach such a conclusion [regarding impropriety in the creation of the document] despite the state-of-the-art testing performed on the document is exculpatory and that the names of personnel involved in the (sic) conducting the test and their conclusions should be disclosed to the defense. The failure to find any evidence [of] inauthenticity of this thank you note is akin to a failure to find fingerprints on an item when such testing has been performed. Unquestionably these test results are discoverable under Brady and should immediately be provided.

October 16, 2007 Letter of Joseph P. Van Heest [Attachment A].

The government disputes defense counsel's contention that this report is discoverable. First, the government does not believe this document is even arguably exculpatory of the charges in this case, and thereby does not constitute Brady material. Defendants' analogy to the absence of fingerprints is not compelling. While the absence of fingerprints can, in some cases, be directly relevant to guilt or innocence of the charged crimes, an inconclusive finding as to when a particular defense document was authored simply does not tend to exculpate either of the defendants of the charges in this case. Second, because the government does not intend to introduce these "inconclusive" findings in its case-in-chief, and the defense has made no assertion that it is material to the preparation of its defense, the report is not discoverable under Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure. Finally, in an Order of August 9, 2007, the Court stated that "the United States shall provide the defendants with the results of reports of such testing *if the United States intends to call a witness who prepared the report and the report relates to the witness' testimony*." The government does not intend to call such a

witness. However, out of an abundance of caution, the government is providing a copy of the report in an *ex parte*, in camera submission to the Court. If the Court determines this report is discoverable, the government will immediately produce it to the defendants.

RESPECTFULLY SUBMITTED,

|  | | |
|---|---|---|
| | William M. Welch II<br>Chief<br>Public Integrity Section | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division |
| BY: | s/ Shaun M. Palmer<br>Shaun M. Palmer<br>Matthew L. Stennes<br>Trial Attorneys<br>Criminal Division, Public Integrity Section<br>10th Street & Constitution Avenue, NW<br>Washington, DC 20530<br>Phone: (202) 514-1412<br>Fax: (202) 514-3003<br>Email: shaun.palmer@usdoj.gov<br>         matthew.stennes@usdoj.gov | Counterespionage Section<br>10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |

Dated: November 1, 2007

# Attachment A

## LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
402 South Decatur Street
Post Office Box 4026
Montgomery, Alabama 36103-4026
Telephone:(334) 263-3551
Facsimile (334) 263-3227
www.jpvlegal.com

---

October 16, 2007

Mr. Shaun M. Palmer
Mr. Matthew L. Stennes
Trial Attorneys
United States Department of Justice
Criminal Division
Public Integrity Section
1400 New York Avenue, NW
Washington, D.C. 20005

    Re:   *United States v. Stayton & Childree*,
            1:06-cr-66-WSD

Dear Mr. Palmer & Mr. Stennes:

    I am in receipt of your October 4, 2007 letter which accompanied the Bates-stamped documents numbered 018192-018317. In response to your notice in the second paragraph that the government may seek to play for the jury at trial all or portions of the audio recording of Mr. Stayton's testimony in the grand jury, I am hereby requesting that you provide a complete audio recording of Mr. Stayton's grand jury testimony as soon as possible. Please provide that recording in CD-format if possible.

    The FBI-302 summary sheet Bates-stamped document 018315-018317 referenced the testing methods which were administered by government personnel in attempting to conclude that the thank you note which we provided in discovery was not authentic. Based upon the fact that you returned the thank you note to us and comments made by both of you in subsequent telephone conversations, it appears that the government testing failed to disclose any improprieties or evidence of inauthenticity. We believe that the failure to reach such a conclusion despite the state-of-the-art testing performed on the document is exculpatory and that the names of personnel involved in the conducting the test and their conclusions should

---

*Aggressive Advocacy Always*

Mr. Shaun M. Palmer
Mr. Matthew L. Stennes
*U.S. v. Stayton & Childree*
October 16, 2007
Page 2 of 2

be disclosed to the defense. The failure to find any evidence inauthenticity of this thank you note is akin to a failure to find fingerprints on an item when such testing has been performed. Unquestionably, these test results are discoverable under *Brady* and should immediately be provided.

As of this time we have not identified any defense discovery materials covered under Fed.R.Crim.P.16(b) which we intend to use in our case-chief. If and when any such documents are identified, we will immediately provide such materials to you.

As to the request to provide "Reverse-Jencks" material, there is none at this time. If such is generated, we will forward the same to you.

Regarding your request for review of matters governed by the Classified Information Procedures Act, to the extent that the defense plans on using any items which may possibly be used to describe classified materials, we will forward such items to the Court Security Officer for a determination of their classified nature. Once that determination has been made, we will determine whether such items are items we will use and if so we will alert you of our intention to use them through the proper procedures designated by the Court Security Officer.

Should you have any questions or comments, please do not hesitate to contact me. Otherwise, I will expect receipt of the audio of Mr. Stayton's complete grand jury testimony and the information regarding the document test results for the testing of the thank you note quickly.

Sincerely,

Joseph P. Van Heest

JPV/aw

*Aggressive Advocacy Always*

## CERTIFICATE OF SERVICE

I hereby certify on this 1st day of November 2007, that I filed the attached document with the ECF system, which provides electronic service to the following:

Stephen R. Glassroth, Esq.
William A. Bootle U.S. Courthouse
475 Mulberry Street
PO Box 996
Macon, GA 31202-0996

Joseph P. Van Heest, Esq.
Law Office of Joseph P. Van Heest, LLC
402 South Decatur Street
Montgomery, AL 36104
(334) 263-3551.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section<br><br>BY: s/Shaun M. Palmer<br>Shaun M. Palmer<br>Trial Attorney<br>Criminal Division<br>Public Integrity Section<br>10th Street & Constitution Avenue, NW<br>Washington, DC 20530<br>Phone: (202) 514-1412<br>Fax: (202) 514-3003<br>Email: shaun.palmer@usdoj.gov | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterespionage Section<br>10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |