IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | DOCKET NO. 1:06-CR-66-WSD |
| | : | |
| JEFFREY HOWARD STAYTON and | : | |
| | : | |
| WILLIAM CURTIS CHILDREE, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**UNITED STATES' PROPOSED REQUESTS TO CHARGE**

COMES NOW the United States of America, by and through undersigned counsel, and respectfully requests that the Court provide the following jury instructions in the above-captioned case. Consistent with the Court's instructions, the government will also provide these instructions on a disk at the pretrial hearing on Monday, November 19, 2007. The government may seek leave to supplement this submission with additional proposed requests to charge as the trial progresses.

Respectfully submitted this 16th day of November, 2007.


William M. Welch II                    Mariclaire Rourke
Chief                                  Trial Attorney
Public Integrity Section               U.S. Department of Justice

BY:   s/ Matthew L. Stennes
      Shaun M. Palmer
      Matthew L. Stennes
      Trial Attorneys
      Criminal Division, Public Integrity Section
      U.S. Department of Justice
      10th Street & Constitution Avenue
      Washington, DC 20530
      Phone: (202) 514-1412
      Fax: (202) 514-3003
      Email: shaun.palmer@usdoj.gov
             matthew.stennes@usdoj.gov

National Security Division
Counterespionage Section
10th St. & Constitution Ave.
Washington, DC 20530
Phone: (202) 514-1187
Fax: (202) 514-2836
mariclaire.rourke@usdoj.gov

# Pattern Instructions

The government requests that the Court use the Eleventh Circuit Pattern

Jury Instructions addressing the following matters:

Basic Instruction No. 2.2 – Duty to Follow Instructions; Presumption of Innocence (When Any Defendant Does Not Testify)

Basic Instruction No. 3 – Definition of Reasonable Doubt

Basic Instruction No. 4.2 – Consideration of the Evidence, Direct and Circumstantial – Argument of Counsel and Comments by Court

Basic Instruction No. 5 – Credibility of Witnesses

Basic Instruction No. 6.1 – Impeachment; Inconsistent Statement [Or Basic Instruction No. 6.5, if appropriate]

Basic Instruction No. 7 – Expert Witnesses

Special Instruction No. 5 – Notetaking

Special Instruction No. 4 – Similar Acts Evidence (Rule 404(b), FRE)

Special Instruction No. 7 – Aiding and Abetting (Agency) [18 U.S.C. § 2]

Basic Instruction No. 9.1 – On or About – Knowingly – Willfully

Basic Instruction No. 10.4 – Caution – Punishment (Multiple Defendants, Multiple Counts)

Basic Instruction No. 11 – Duty to Deliberate

Basic Instruction No. 12 – Verdict

3

## UNITED STATES' REQUEST TO CHARGE NO. 1

Defendant's Testimony: Effect of Stake in the Outcome
(If Applicable)

Defendant _____ testified in his own behalf. You may be wondering if the personal stake that he has in the outcome of this trial should cause you to consider his testimony any differently than that of other witnesses. It is proper for you to consider his personal stake in the outcome of the trial when you decide whether or not you believe his testimony. But remember that a Defendant is presumed innocent unless the Government proves, beyond a reasonable doubt, that he is guilty. The fact that he has been charged with these crimes is no reason by itself for you not to believe what he said.

## UNITED STATES' REQUEST TO CHARGE NO. 2

Conjunctive Charging

"[W]here an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may be properly framed in the disjunctive."

In other words, where the word "and" is used in the indictment to charge a Defendant with different means by which the crime was committed, the Government need only prove one of those means beyond a reasonable doubt to convict the Defendant. For example, in Count Three of the Indictment, the Government need only prove beyond a reasonable doubt that Defendant Stayton corruptly solicited or demanded or sought, or received or accepted or agreed to receive or agreed to accept a thing of value from Defendant Childree, intending to be influenced or rewarded in connection with an official act.

### AUTHORITY

United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000)

5

## UNITED STATES' REQUEST TO CHARGE NO. 3

Eleventh Circuit Pattern Jury Instructions, Criminal
Offense Instruction No. 51.2 (Modified by the United States)

Wire Fraud – Depriving Another of Intangible Right of Honest Services
18 U.S.C. §§ 1343 and 1346

Title 18, United States Code, Sections 1343 and 1346, make it a Federal crime or offense for anyone to use interstate wire communications facilities in carrying out a scheme to fraudulently deprive another of an intangible right of honest services.  Defendants Stayton and Childree are both charged with honest services wire fraud in Counts One and Two.

Each Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the intangible right to honest services, as charged;

Second: That the scheme included employing a material falsehood, concealing a material fact, or omitting a material fact;

Third: That the Defendant did so willfully and with an intent to defraud; and,

Fourth: That the Defendant transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud.

The word "scheme" includes any plan or course of action that deceives,

6

deprives, or cheats the public out of or that intends to deceive, deprive, or cheat the public out of the intangible right to honest services.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive the public, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction. A fact is "material" if it has or would have a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is or would be addressed. A false or fraudulent statement, representation, or promise can be material even if the decision maker did not actually rely on the statement, or even if the decision maker actually knew or should have known the statement was false.

To "deprive the public of the intangible right of honest services" means to violate, or to cause a public official or employee to violate, his duty to provide honest services to the public.

Public officials inherently owe a duty to the public to act in the public's best interest. This includes a duty to make full and fair disclosure to the employer of any personal interest or profit the employee expects to derive or has derived from any transaction in which he or she participates in the course of employment. If,

instead, the official or employee acts or makes his decision based on the official's own personal interests – such as accepting a bribe, taking a kickback or receiving a personal benefit from an undisclosed conflict of interest – the official has defrauded the public of the official's honest services even though the department, agency, or other public entity may not have suffered any monetary loss in the transaction.  Further, the Government does not have to prove that a public official would have made different official decisions if he had avoided or disclosed the conflict of interest.  The law of honest services fraud is not concerned with the wisdom or results of the public official's decisions, but rather with the manner in which the public official makes his decisions.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material transmitted by the wire was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant personally used the wire communication facility.

What must be proved beyond a reasonable doubt is that the Defendant, with intent to defraud, knowingly and willfully devised, intended to devise, or

participated in, a scheme to defraud substantially the same as the one alleged in

the indictment; and that the use of the interstate wire communications facilities

was closely related to the scheme because the Defendant either used or caused to

be used, wire communications facilities in interstate commerce in an attempt to

execute or carry out the scheme.

To "cause" interstate wire communications facilities to be used is to do an

act with knowledge that the use of such facilities will follow in the ordinary course

of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in

furtherance of a scheme to defraud constitutes a separate offense.

## AUTHORITY

Eleventh Circuit Pattern Jury Instructions, § 51.1 (2003 ed.); Neder v. United
States, 527 U.S. 1 (1999) (materiality is an element of the mail and wire fraud
statutes); United States v. Jockisch, 159 Fed. Appx. 145, 149 (11th Cir. 2005);
United States v. DeVegter, 198 F.3d 1328 n. 4 (11th Cir. 1999); United States v.
Lopez-Lukis, 102 F.3d 1164, 1169 n. 13 (11th Cir. 1997) ("That the result of the
bribed commissioner's vote actually benefits the electorate would not change the
fraudulent nature of her conduct.  Sections 1341 and 1346 do not address the
wisdom or results of a legislative decision; rather they concern the manner in
which officials make their decision."); United States v. Waymer, 55 F.3d 564, 571
(11th Cir. 1995) (partial disclosure is insufficient where the information withheld
is material);  United States v. O'Malley, 707 F.2d 1240, 1247 (11th Cir. 1983)
("Fraud, for purpose of a mail fraud conviction, may be proved through the
defendant's non-action or non-disclosure of a material fact intended to create a
false and fraudulent representation."); United States v. Sawyer, 85 F.3d 713, 724
(1st Cir. 1996) ("[U]ndisclosed, biased decision making for personal gain, whether

or not tangible loss to the public is shown, constitutes a deprivation of honest services.");  Eighth Circuit Pattern Jury Instructions, § 6.18.1341 (2000).

## UNITED STATES' REQUEST TO CHARGE NO. 4

A public official has a duty to disclose material information.  This duty may be, but does not need to be, expressly imposed by statute or code.  This is because a public official inherently owes a fiduciary duty to the public to make governmental decisions in the public's best interest.

### AUTHORITY

United States v. DeVegter, 198 F.3d 1324, 1328 (11th Cir. 1999); United States v. Lopez-Lukis, 102 F.3d 1164, 1169 (11th Cir. 1997) ("[T]he crux of this [honest services] theory is that when a political official uses his office for personal gain, he deprives his constituents of their right to have him perform his official duties in their best interest. . . If the official. . . secretly makes his decision based on his own personal interests – as when an official . . . personally benefits from an undisclosed conflict of interest – the official has defrauded the public of his honest services.").

## UNITED STATES' REQUEST TO CHARGE NO. 5

It is not a defense to the crime of honest services wire fraud that the official conduct sought to be influenced would have been done anyway, regardless of whether the payment to the public official was received or accepted.  That is to say, even if Defendant Stayton acted as he normally would have if the financial interest had not been provided and concealed, the crime of honest services fraud has still been committed if you find that the government has proven all of the elements.

Moreover, it is not a defense to the crime of honest services fraud that the official conduct sought to be influenced by the alleged payment to the public official, or that the official conduct performed or promised by the public official, was lawful or required by law, or even that the official conduct was desirable or beneficial to the public welfare.

### AUTHORITY

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 27.11; Sands, Siffert, Loughlin, Reiss, Modern Federal Jury Instructions, Instruction Nos. 16-9, 16-10;  United States v. Lopez-Lukis, 102 F.3d 1164 (11th Cir. 1997); United States v. Evans, 572 F.2d 455, 481 (5th Cir. 1978).

## UNITED STATES' REQUEST TO CHARGE NO. 6

You have heard evidence during the trial about ethics provisions, codes of conduct, and other federal laws governing official conduct. You are instructed that failure to comply with these provisions does not necessarily mean that the Defendant committed a crime. However, you may consider a Defendant's knowledge of or failure to comply with those rules and regulations when you consider the Defendant's criminal intent or state of mind.

### AUTHORITY

United States v. Sawyer, 85 F.3d 713, 731-32 (1st Cir. 1996).

## UNITED STATES' REQUEST TO CHARGE NO. 7

Eleventh Circuit Pattern Jury Instructions, Criminal
Offense Instruction No. 5.2 (Modified by the United States)

Receipt of Bribe by Public Official
18 U.S.C. § 201(b)(2)

Title 18, United States Code, Section 201(b)(2), makes it a Federal crime or offense for a public official to demand, seek, receive, accept, or agree to receive or accept a bribe.  Defendant Stayton is charged in Count Three with receiving a bribe in the form of the $61,071.75 payment from Defendant Childree.

Defendant Stayton can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

    <u>First</u>:          That Defendant Stayton, a public official, demanded, sought, received, accepted, or agreed to receive or accept personally a thing of value;

    <u>Second</u>:       That Defendant Stayton did so knowingly and corruptly in return for being influenced in the performance of an official act.

The term "public official" means any person who acts for or on behalf of the United States and possesses some degree of official responsibility for carrying out a federal program or policy.  A "public official" may, but need not be a government employee and may be an employee of a private corporation who acts,

14

with or without decision making authority, for or on behalf of the government pursuant to a contract or other business relationship.

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding, or controversy that is brought before a public official or may be brought before a public official for a decision or to be acted upon.

To act "corruptly" means to act knowingly and dishonestly for a wrongful purpose.

For purposes of these instructions, "a thing of value" can include anything tangible or intangible to which an individual might assign subjective worth, as understood by an ordinary person and from a commonsense perspective. A "thing of value" could include a cash payment, other personal financial benefit, including a loan.[1]

## AUTHORITY

### Public Official

18 U.S.C. § 201(a)(1) (defining "public official" as any "Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of government thereof, including the

---

[1]The government only seeks this portion of the instruction if the defendants, as expected, mount a defense that the $61,000 payment was a loan.

15

District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror"); <u>Dixon v. United States</u>, 465 U.S. 482, 496 (1984) (extending definition beyond government employees and contractors to include private individuals who "occupy a position of public trust with official federal responsibilities"); <u>United States v. Kenney</u>, 185 F.3d 1217, 1221-22 (11th Cir. 1999) ("[I]n order to be considered a public official a defendant need not be the final decision maker as to a federal program or policy. Rather, it appears to be sufficient that the defendant is in a position of providing information and making recommendations to decision makers as long as the defendant's input is given sufficient weight to influence the outcome of the decisions at issue."); <u>United States v. Hang</u>, 75 F.3d 1275, 1280 (8th Cir. 1996) (holding that defendant, an eligibility technician for an independent public corporation organized under state law to administer federal housing funds, was a public official by virtue of his being "on the front line in the effort to provide affordable housing," and despite his lack of authority to actually rents apartments); <u>United States v. Madeoy</u>, 912 F.2d 1486, 1494-95 (D.C. Cir. 1990) (upholding the designation of a fee appraiser as a public official despite the existence of an agency regulation stating generally that fee appraisers are not agents of the government and have no authority to bind the government).

Thing of Value

<u>United States v. Singleton</u>, 144 F.3d 1343, 1349 (10th Cir. 1998) ("Congress could have, but did not limit or modify the word in any way.  Accordingly, courts have recognized that 'anything of value' under § 201 must be broadly construed to carry out its congressional purpose."), <u>vacated on other grounds</u>, 165 F.3d 1297 (10th Cir. 1999) (en banc); <u>United States v. Marmolejo</u>, 89 F.3d 1185, 1191-92 (5th Cir. 1996) (holding that "anything of value" in the federal fraud and bribery statute, 18 U.S.C. § 666, contemplates both tangible and intangible benefits); <u>United States v. Pommerening</u>, 500 F.2d 92, 97 (10th Cir. 1974) (emphasizing that "value" should be understood in its "ordinary,  everyday sense" by an individual of "common intelligence");

Loan as "Thing of Value"

<u>United States v. Kemp</u>, 500 F.3d 257, 281-84 (3d Cir. 2007) (concluding "as a legal matter, . . . that providing a loan to a public official (or his friends or family)

16

that would have otherwise been unavailable or available at a higher interest rate may constitute a bribe"); id. (highlighting the "commonsense notion that a loan may be of immense value to the recipient: for instance, here, [appellant's] mortgage loan allowed him to purchase a home"); United States v. Crozier, 987 F.2d 893, 901 (2d Cir. 1993) ("[A]s we have held in connection with § 201, any payment that the defendant subjectively believes has value, including a loan, constitutes a thing 'of value' within the meaning of [18 U.S.C. § 666, the federal program fraud and bribery statute]"); United States v. Williams, 705 F.2d 603, 612 (2d Cir. 1993) (accepting without question that a loan could serve as a bribe); United States v. Gorman, 807 F.2d 1299, 1305 (6th Cir. 1986) (holding that, despite the defendant's eventual repayment, the loan in question constituted a thing of value under § 201 because at the time of the loan the defendant was experiencing "severe financial difficulties" and it was unclear whether he could secure a comparable loan in the normal course of business); United States v. Butler, 618 F.2d 411, 413 (6th Cir. 1980) (affirming conspiracy and extortion convictions where public official advanced priorities on particular construction projects in return for guarantees on loans he sought from local banks).

## UNITED STATES' REQUEST TO CHARGE NO. 8

Eleventh Circuit Pattern Jury Instructions, Criminal
Offense Instruction No. 5.1 (Modified by the United States)

Bribery of Public Official
18 U.S.C. § 201(b)(1)

Title 18, United States Code, Section 201(b)(1) makes it a Federal crime or offense for anyone to bribe a public official. Defendant Childree is charged in Count Four with bribing Defendant Stayton.

Defendant Childree can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

First:     That Defendant Childree directly or indirectly gave, offered, or promised a thing of value to a public official, as charged; and

Second:    That Defendant Childree did so knowingly and corruptly, with intent to influence an official act.

The term "public official" means any person who acts for or on behalf of the United States and possesses some degree of official responsibility for carrying out a federal program or policy. A "public official" may, but need not be a government employee and may be an employee of a private corporation who acts, with or without decision making authority, for or on behalf of the government pursuant to a contract or other business relationship.

18

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding, or controversy that is brought before a public official or may be brought before a public official for a decision or to be acted upon.

To act "corruptly" means to act knowingly and dishonestly for a wrongful purpose.

For purpose of these instructions, "a thing of value" can include anything tangible or intangible to which an individual might assign subjective worth, as understood by an ordinary person and from a commonsense perspective. A "thing of value" could include a cash payment, other personal financial benefit, including a loan.

## AUTHORITY

### Public Official

18 U.S.C. § 201(a)(1) (defining "public official" as any "Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror"); Dixson v. United States, 465 U.S. 482, 496 (1984) (extending definition beyond government employees and contractors to include private individuals who "occupy a position of public trust with official federal responsibilities"); United States v. Kenney, 185 F.3d 1217, 1221-22 (11th Cir. 1999) ("[I]n order to be considered a public official a defendant need not be the final decision maker as to a federal program or policy.

Rather, it appears to be sufficient that the defendant is in a position of providing information and making recommendations to decision makers as long as the defendant's input is given sufficient weight to influence the outcome of the decisions at issue."); United States v. Hang, 75 F.3d 1275, 1280 (8th Cir. 1996) (holding that defendant, an eligibility technician for an independent public corporation organized under state law to administer federal housing funds, was a public official by virtue of his being "on the front line in the effort to provide affordable housing," and despite his lack of authority to actually rent apartments); United States v. Madeoy, 912 F.2d 1486, 1494-95 (D.C. Cir. 1990) (upholding the designation of a fee appraiser as a public official despite the existence of an agency regulation stating generally that fee appraisers are not agents of the government and have no authority to bind the government).

Thing of Value

United States v. Singleton, 144 F.3d 1343, 1349 (10th Cir. 1998) ("Congress could have, but did not limit or modify the word in any way. Accordingly, courts have recognized that 'anything of value' under § 201 must be broadly construed to carry out its congressional purpose."), vacated on other grounds, 165 F.3d 1297 (10th Cir. 1999) (en banc); United States v. Marmolejo, 89 F.3d 1185, 1191-92 (5th Cir. 1996) (holding that "anything of value" in the federal fraud and bribery statute, 18 U.S.C. § 666, contemplates both tangible and intangible benefits); United States v. Pommerening, 500 F.2d 92, 97 (10th Cir. 1974) (emphasizing that "value" should be understood in its "ordinary, everyday sense" by an individual of "common intelligence").

Loan as Thing of Value

United States v. Kemp, 500 F.3d 257, 281-284 (3d Cir. 2007) (concluding "as a legal matter, . . . that providing a loan to a public official (or his friends or family) that would have otherwise been unavailable or available at a higher interest rate may constitute a bribe"); id. (highlighting the "commonsense notion that a loan may be of immense value to the recipient: for instance, here, [appellant's] mortgage loan allowed him to purchase a home"); United States v. Crozier, 987 F.2d 893, 901 (2d Cir. 1993) ("[A]s we have held in connection with § 201, any payment that the defendant subjectively believes has value, including a loan, constitutes a thing 'of value' within the meaning of [18 U.S.C. § 666, the federal

20

program fraud and bribery statute]"); <u>United States v. Williams</u>, 705 F.2d 603, 612 (2d Cir. 1993) (accepting without question that a loan could serve as a bribe); <u>United States v. Gorman</u>, 807 F.2d 1299, 1305 (6th Cir. 1986) (holding that, despite the defendant's eventual repayment, the loan in question constituted a thing of value under § 201 because at the time of the loan the defendant was experiencing "severe financial difficulties" and it was unclear whether he could secure a comparable loan in the normal course of business); <u>United States v. Butler</u>, 618 F.2d 411, 413 (6th Cir. 1980) (affirming conspiracy and extortion convictions where public official advanced priorities on particular construction projects in return for guarantees on loans he sought from local banks).

## UNITED STATES' REQUEST TO CHARGE NO. 9

Eleventh Circuit Pattern Jury Instructions, Criminal
Offense Instruction No. 56.1 (Modified by the United States)

Obstruction of Justice
18 U.S.C. § 1503

Title 18, United States Code, Section 1503, makes it a Federal crime or

offense for anyone corruptly to endeavor to influence, obstruct or impede the due

administration of justice.  Defendant Stayton is charged in Count Five with

obstructing justice by providing false testimony to a federal grand jury.

Defendant Stayton can be found guilty of this offense only if all of the

following facts are proved beyond a reasonable doubt:

    First:      That there was a proceeding pending before a grand jury
of this Court; and

    Second:    That Defendant Stayton knowingly and corruptly
endeavored to influence, obstruct or impede the due
administration of justice in that grand jury proceeding as
charged.

To "endeavor" means to strive or to attempt to accomplish a goal or a result;

and to endeavor to "influence, obstruct or impede" the due administration of

justice means to take some action for the purpose of swaying or changing, or

preventing or thwarting in some way any of the actions likely to be taken in the

grand jury proceeding involved.

22

To act "corruptly" means to act knowingly and dishonestly with the specific intent to influence, obstruct or impede the due administration of justice.

While it must be proved that Defendant Stayton corruptly endeavored to influence, obstruct or impede the due administration of justice as charged, and that the natural and probable effect of Defendant Stayton's acts would be to influence, obstruct or impede the due administration of justice, it is not necessary for the Government to prove that the grand jury proceeding was in fact influenced or obstructed or impeded in any way.

# CERTIFICATE OF SERVICE

I hereby certify on this 16th day of November 2007, that I filed by ECF the attached document, which automatically served copies upon:

Stephen R. Glassroth, Esq.
William A. Bootle U.S. Courthouse
475 Mulberry Street
PO Box 996
Macon, GA 31202-0996

Joseph P. Van Heest, Esq.
Law Office of Joseph P. Van Heest, LLC
402 South Decatur Street
Montgomery, AL  36104
(334) 263-3551.

RESPECTFULLY SUBMITTED,

|  | William M. Welch II | Mariclaire Rourke |
|---|---|---|
|  | Chief | Trial Attorney |
|  | Public Integrity Section | U.S. Department of Justice |
|  |  | National Security Division |
| BY: | s/ Matthew L. Stennes | Counterespionage Section |
|  | Shaun M. Palmer | 10th St. & Constitution Ave. |
|  | Matthew L. Stennes | Washington, DC 20530 |
|  | Trial Attorneys | Phone: (202) 514-1187 |
|  | Criminal Division, Public Integrity Section | Fax: (202) 514-2836 |
|  | U.S. Department of Justice | mariclaire.rourke@usdoj.gov |
|  | 10th Street & Constitution Avenue |  |
|  | Washington, DC 20530 |  |
|  | Phone: (202) 514-1412 |  |
|  | Fax: (202) 514-3003 |  |
|  | Email: shaun.palmer@usdoj.gov |  |
|  | matthew.stennes@usdoj.gov |  |