# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| | * | |
| **vs.** | * | **Cr. No. 1:06CR66-WSD** |
| | * | |
| **JEFFREY HOWARD STAYTON, and** | * | |
| **WILLIAM CURTIS CHILDREE,** | * | |
| | * | |
| **Defendants.** | * | |

## DEFENDANTS' REQUESTED JURY INSTRUCTIONS

The Defendants, by their respective undersigned counsel hereby request that

the Court give the attached Instructions to the jury in the above-styled case.

Respectfully submitted,

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
Counsel for Jeffrey Howard Stayton
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

s/Stephen R. Glassroth
**STEPHEN R. GLASSROTH**
Counsel for William Curtis Childree
AL Bar Code: GLA005
Post Office Box 996
Macon, Georgia 31202-0996
(478) 743-4747
(478) 743-4749 (fax)
steve.glassroth@gmail.com

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| | * | |
| **vs.** | * | **Cr. No. 1:06CR66-WSD** |
| | * | |
| **JEFFREY HOWARD STAYTON, and** | * | |
| **WILLIAM CURTIS CHILDREE,** | * | |
| | * | |
| **Defendants.** | * | |

## DEFENDANTS' REQUESTED INSTRUCTIONS

The defendants request that the Court use the following Jury Instructions.

Those instructions which are not the Eleventh Circuit Pattern Criminal Jury Instructions or which have been modified from the pattern are identified and attached. The defense requests that the instructions be read in the order provided below.

Preliminary Instructions Before Trial Begins:

*       Trial Instructions Selected Portions of 1.1 and 1.2 – Preliminary Instructions Before Opening Statements (see attached Defense Requested Charge # 1)

Instructions At the Conclusion of the Trial:

1.      Basic Instructions 2.1 or 2.2 Duty to Follow Instructions; Presumption of Innocence (dependent upon whether both defendants testify)

2.      Basic Instruction No. 3 – Definition of Reasonable Doubt

3.      Basic Instruction No. 4.2 – Consideration of the Evidence, Direct and Circumstantial – Argument of Counsel and Comments by the Court

4.     Special Instruction No. 12 – Character Evidence of a Defendant

5.     Basic Instruction No. 5 – Credibility of Witnesses

6.     Bias and Hostility (see attached Defense Requested Charge # 2)

7.     Law Enforcement Witness (see attached Defense Requested Charge # 3)

8.     Number of Witnesses (see attached Defense Requested Charge # 4)

9.     Basic Instruction 6.1 or 6.3 – Impeachment; Inconsistent Statement (or same and Defendant Testifies with No Felony Conviction)

10.    Basic Instruction 6.7 – Impeachment – Bad Reputation (or Opinion) Regarding Truthfulness

11.    Special Instruction No. 4 – Similar Acts Evidence (Rule 404(b), FRE)

12.    Offense Instruction 51.2 – 18 U.S.C. § 1343 & 1346 (The pattern instruction has been modified to fit case – see attached Defense Requested Charge # 5)

       **     Theory of Defense Instructions (to be added at the close of government's case)

13.    Offense Instruction 5.1 & 5.2 – 18 U.S.C. § 201(b)(2)

       **     Theory of Defense Instructions (to be added at the close of government's case)

14.    Offense Instruction 56.1 – 18 U.S.C. § 1503  (The pattern instruction has been modified to fit case – see attached Defense Requested Charge # 6)

       **     Theory of Defense Instructions (to be added at the close of government's case)

15.    Basic Instruction No. 9.1 – On or About – Knowingly, Willfully

16.    Special Instruction No. 17 – Good Faith Defense to Intent to Defraud

17.    Evidence Admitted For Limited Purpose (see attached Defense Requested Charge # 7)

18.    No Burden to Present Evidence (see attached Defense Requested Charge # 8)

19.    Special Instruction No. 5 – Notetaking

20.    Basic Instruction No. 10.4 Caution - Punishment (Multiple Defendants – Multiple Counts

21.    Basic Instruction No. 11 – Duty to Deliberate

22.    Basic Instruction No. 12 – Verdict


***    Trial Instruction No. 4 – Cautionary Instructions - Similar Acts Rule 404(b), FRE (where appropriate)

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 1**

**PRELIMINARY INSTRUCTIONS
BEFORE OPENING STATEMENTS**

"Members of the Jury:

You have now been sworn as the jury to try this case. By your verdicts(s) you will decide the disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate together and decide the case at the end of the trial, I will instruct you on the rules of law that you must follow and apply in reaching your decision.

Because you will be called upon to decide the facts of the case, you should give careful attention to the testimony and evidence presented for your consideration during the trial, but you should keep an open mind and should not form or state any opinion about the case one way or the other until you have heard all of the evidence and have had the benefit of the closing arguments of the lawyers as well as my instructions to you on the applicable law.

During the trial you must not discuss the case in any manner among yourselves or with anyone else, and you must not permit anyone to attempt to discuss it with you or in your presence; and, insofar as the lawyers are concerned, as well as others whom you may come to recognize as having some connection with the case, you are instructed that, in order to avoid even the appearance of impropriety, you should have

no conversation whatever with those persons while you are serving on the jury.

You must also avoid reading any newspaper articles that might be published about the case now that the trial has begun, and you must also avoid listening to or observing any broadcast news program on either television or radio because of the possibility that some mention might be made of the case during such a broadcast now that the trial is in progress.

The reason for these cautions, of course, lies in the fact that it will be your duty to decide this case only on the basis of the testimony and evidence presented during the trial without consideration of any other matters whatever.

Now, in order that you might understand at the beginning of the case the nature of the decisions you will be asked to make and how you should go about making them, I would like to give you some preliminary instructions at this time concerning some of the rules of law that will apply.

Of course, the preliminary instructions I will give you now will not cover all of the rules of law applicable to this case. As stated before, I will instruct you fully at the end of the trial just before you retire to deliberate upon your verdict(s), and will probably restate at that time some of the rules I want to tell you about now. In any event, you should not single out any one instruction alone as stating the law, but should consider all of my instructions as a whole.

**Presumption of Innocence**. As you were told during the process of your

selection, an indictment in a criminal case is merely the accusatory paper which states the charge or charges to be determined at the trial, but it is not evidence against Mr. Stayton and Mr. Childree or anyone else.  Indeed, Mr. Stayton and Mr. Childree have each entered a plea of Not Guilty to each count in the indictment and each is presumed by the law to be innocent.  The Government has the burden of proving each guilty beyond a reasonable doubt, and if it fails to do so, you must acquit each.

**Burden of Proof**.  Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

**Order of Proof - Defendants' Right Not to Testify**.  Because the Government has the burden of proof, it will go forward and present its testimony and evidence first.  After the Government finishes or "rests" what we call its "case in chief," Mr. Stayton and Mr. Childree may call witnesses and present evidence if they wish to do so.  However, you will remember that the law does not require a Defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a Defendant not to testify in the event he should so elect.

**Credibility of the Witnesses**.  As you listen to the testimony, you should remember that you will be the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In deciding whether you believe or disbelieve any witness, you should consider his or her relationship to the

Government or to Mr. Stayton or Mr. Childree; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

From time to time during the trial, I may be called upon to make rulings of law on motions or objections made by the lawyers. You should not infer or conclude from any ruling I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not speculate on what answer might have been given, nor should you draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers from time to time out of your hearing concerning questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers. I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

In that regard, as you were told during the process of your selection, we expect the case to last two (2) weeks, and  I will make every effort to expedite the trial whenever possible.

Now, we will begin by affording the lawyers for each side an opportunity to make opening statements to you in which they may explain the issues in the case and summarize the facts they expect the evidence will show.  After all the testimony and evidence has been presented, the lawyers will then be given another opportunity to address you at the end of the trial and make their summations or final arguments in the case.  The statements that the lawyers make now, as well as the arguments they present at the end of the trial, are not to be considered by you either as evidence in the case (which comes only from the witnesses and exhibits) or as your instruction on the law (which will come only from me).  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for the purpose of making an opening statement."

**Authority**:  Selected portions Eleventh Circuit Pattern Jury Instructions Criminal, Trial Instructions Nos. 1.1 and 1.2 (2003).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 2**

**BIAS AND HOSTILITY**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards either Mr. Stayton or Mr. Childree, or both of them.

Evidence that a witness is biased, prejudiced or hostile toward Mr. Stayton, or Mr. Childree, or both of them, requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

**Authority:** 1 L. Sand, et al., <u>Model Federal Jury Instructions</u> - Instruction 7-2 (1996)

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 3**

**LAW ENFORCEMENT WITNESSES**

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is you decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

See, 1 L. Sand, et al., Modern Federal Jury Instructions - Instruction # 7-16 (1992).

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 4

## <u>NUMBER OF WITNESSES</u>

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

At all times, the burden of proof remains on the government to present proof beyond a reasonable doubt.

**Authority:** <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §14.16 (modified).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 5**

**WIRE FRAUD - DEPRIVING ANOTHER OF**

**INTANGIBLE RIGHT OF HONEST SERVICES**

**18 U.S.C. §§ 1343 & 1346**

Title 18, United States Code, Sections 1343 and 1346 make it a Federal crime or offense for anyone to use interstate wire communications facilities in carrying out a scheme to fraudulently deprive another of an intangible right of honest services.

A defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the intangible right of honest services, as charged;

and

Second:   That the Defendant id so willfully and with an intent to defraud;

and

Third:     That the defendant transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud.

The word "scheme" includes any plan or course of action intended to deceive or cheat someone; and to act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

To "deprive another of the intangible right of honest services" means to violate, or to cause a public official to violate, the public official's duty to provide honest services to the employer.

Public officials and public employees inherently owe a duty to the public to act in the public's best interest. If, instead, the official or employee acts or makes his decision based on the official's own personal interests – such as accepting a bribe, taking a kickback or receiving a personal benefit from an undisclosed conflict of interest – the official has defrauded the public of the official's honest services even though the public agency involved may not suffer any monetary loss in the transaction.

Under the law, every agent or employee representing or working for someone else – the employer – has a duty (called a fiduciary duty) to act honestly and faithfully in all of his dealings with the employer, and to transact business in the best interest of the employer, including a duty to make full and fair disclosure to the employer of any personal interest or profit or "kickback" the employee expects to derive or has derived from any transaction in which he participates in the course of the

employment.

A "kickback" includes any kind of undisclosed payment or reward to an employee for dealing in the course of employment with the person making the payment so that the employee's personal financial interest interferes with the employee's duty to secure the most favorable bargain for the employer.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material transmitted by wire was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant personally used the wire communication facility.

What must be proved beyond a reasonable doubt is that the Defendant, with intent to defraud, knowingly and willfully devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment; and that the use of the interstate wire communications facilities was closely related to the scheme because the Defendant either use, or caused to be used, wire communications in interstate commerce in an attempt to execute or carry out the scheme.

To "cause" interstate wire communications facilities to be used is to do an act

with knowledge that the use of such facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud constitutes a separate offense.

**Authority:** <u>Eleventh Circuit Pattern Jury Instructions Criminal</u>, Offense Instructions 51.2 (2003) (modified to remove unrelated portions)

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 5A & 5B**

**<u>THEORY OF DEFENSE INSTRUCTION AS TO COUNTS 1 & 2</u>**

**<u>THEORY OF DEFENSE INSTRUCTIONS AS TO COUNTS 3 & 4</u>**

The theory of defense instructions will be filed with the Court at the close of the government's case-in-chief.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 6**

OBSTRUCTION OF JUSTICE

18 U.S.C. § 1503

Title 18, United States Code, Section 1503 makes it a Federal crime or offense for anyone corruptly to endeavor to influence, obstruct or impede the due administration of justice. Only Mr. Stayton is charged in Count five of the indictment.

Mr. Stayton can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:        That there was a proceeding pending before a grand jury of this court; and

Second:   That Mr. Stayton knowingly and corruptly endeavored to influence, obstruct, or impede the due administration of justice in that grand jury proceeding as charged.

To "endeavor" means to strive or to attempt to accomplish a goal or a result; and to endeavor to "influence, obstruct or impede" the due administration of justice means to take some action for the purpose of swaying or changing, or preventing or thwarting in some way any of the actions likely to be taken in the grand jury proceeding involved.

To act "corruptly" means to act knowingly and dishonestly with the specific

intent to influence, obstruct or impede the due administration of justice.

While it must be proved that Mr. Stayton corruptly endeavored to influence, obstruct, or impede the due administration of justice as charged, and that the natural and probable effect of the Defendant's acts would be to influence, obstruct or impede the due administration of justice, it is not necessary for the Government to prove that the grand jury proceeding was in fact influenced or obstructed or impeded in any way.

**Authority**:  Eleventh Circuit Pattern Jury Instructions Criminal, Offense Instruction 56.1 (2003)

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 6A**

**THEORY OF DEFENSE INSTRUCTION AS TO COUNT 5**

The theory of defense instructions will be filed with the Court at the close of the government's case-in-chief.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 7**

**EVIDENCE ADMITTED FOR LIMITED PURPOSE**

In certain instances evidence may be admitted only for a particular purpose and not for all purposes.  For the limited purpose for which such evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose.

**Authority:**  Federal Jury Practice and Instructions, Devitt, Blackmar, Wolff and O'Malley,  §11.09 (modified).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 8**

**<u>NO BURDEN TO PRESENT EVIDENCE</u>**

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence. The prosecution has the burden at all times to produce evidence of the alleged charge, which convinces you of guilt beyond a reasonable doubt. If the prosecution fails to produce such proof beyond a reasonable doubt of any of the elements of any of the crimes alleged and charged, you must find Mr. Stayton and Mr. Childree not guilty of that crime. Mr. Stayton and Mr. Childree are under no obligation at any time to produce any evidence.

**Authority:** <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §15.14 (1992) (modified); <u>United States v. Richardson</u>, 764 F.2d 1514, 1529 (11th Cir.), <u>cert.</u> <u>denied</u>, sub.nom. <u>Crespo - Diaz v. United States</u>, 474 U.S. 952 (1985)

## <u>CERTIFICATE OF SERVICE</u>

Undersigned counsel hereby certify that on November 16 2007, the foregoing document was electronically filed the with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

Respectfully submitted,

<u>s/Joseph P. Van Heest</u>
**JOSEPH P. VAN HEEST**
Counsel for Jeffrey Howard Stayton
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

<u>s/Stephen R. Glassroth</u>
**STEPHEN R. GLASSROTH**
Counsel for William Curtis Childree
AL Bar Code: GLA005
Post Office Box 996
Macon, Georgia 31202-0996
(478) 743-4747
(478) 743-4749 (fax)
steve.glassroth@gmail.com